United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

ROLANDO CANDIA,
Defendant.

Case No. 13-cr-00680-AMO-1

**ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(1)(A) (COMPASSIONATE RELEASE)**

Re: Dkt. No. 73

Before the Court is Defendant Rolando Candia's "Motion to Reduce Sentence Under 3582(c)(1)(A)(i)," Dkt. No. 73 (Mot.). Candia seeks compassionate release based on his family circumstances, his participation in a gang disassociation program, and other rehabilitative efforts. Candia is currently serving 84-month and 96-month custodial terms for his convictions of carjacking of a motor vehicle, in violation of 18 U.S.C. § 2119, and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of Title 18 U.S.C. § 924(c), respectively. He is serving his sentence at Federal Correctional Institution Tucson, with an anticipated release date of November 24, 2026. Dkt. No. 79 (Opp'n) at 2. Having reviewed the record and considered the parties' briefs and applicable legal standards, the Court **DENIES** Candia's motion for the reasons set forth below.

Though, federal courts generally cannot modify a term of imprisonment once it has been imposed, *Dillon v. United States*, 560 U.S. 817, 819 (2010); *see also* 18 U.S.C. § 3582(c), Congress provided for a "compassionate release" exception to that general rule. As part of the First Step Act of 2018, defendants may seek a sentence reduction directly from the court, provided they first seek a reduction from the Bureau of Prisons and that the request is denied or 30 days have passed since its submission. 18 U.S.C. § 3582(c)(1)(A). Here, the Government argues that,

rather than reach the merits of Candia's motion, the Court should deny it because Candia has failed to exhaust his administrative remedies. Opp'n at 10. Candia submitted an administrative request for compassionate release from the warden at Federal Correctional Institution Tucson on February 12, 2024, which the warden denied on February 14, 2024. Candia submitted his request to the Court on March 4, 2024. While Candia did not appeal the warden's denial, nor had 30 days passed before Candia submitted the instant motion, more than 30 days have now passed, and the statute is clear that the Court has jurisdiction to consider the merits of Candia's motion. *See, e.g., United States v. Partida*, No. CR1708260001PCTDGC, 2020 WL 3050705, at *4 (D. Ariz. June 8, 2020); *United States v. Anderson*, No. 17-CR-0595-YGR-1, 2020 WL 2838797, at *1 (N.D. Cal. June 1, 2020).

Having satisfied itself that it has jurisdiction to consider Candia's motion, the Court turns to its merits. As required by Congress, the Court must assess if Candia has established all three criteria to justify a modification to his sentence under Title 18 U.S.C. § 3582(c)(1)(A)(i): whether (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the reduction is consistent with applicable policy statements from the U.S. Sentencing Commission; and (3) weighing factors in 18 U.S.C. § 3553(a) warrants the proposed reduction "under the particular circumstances of the case." *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025); *see also United States v. Herrick*, No. 18-CR-0084-WHO-1, 2024 WL 1056007, at *1 (N.D. Cal. March 11, 2024) (*citing United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) & 18 U.S.C. § 3582(c)(1)(A)(i)). The Court may deny the motion if Candia fails to satisfy any of these three requirements. *See Bryant*, 144 F.4th at 1123. Specifically, if the Section 3553(a) factors do not warrant a sentence reduction, that alone is cause to deny the motion. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

The Court, thus, begins its analysis by considering the Section 3553(a) factors, which include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant;

(3) the kinds of sentences available; (4) the sentences and ranges established by the Sentencing Guidelines; (5) relevant policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similarly situated defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a). Though the Court does not reach all these factors, review of several of them reveals that the Section 3553(a) factors continue to weigh against reducing Candia's sentence.

To begin, the nature and circumstances of the offenses are notably serious. While the Court does not detail them all here, it highlights that Candia brandished a firearm in an individual's face and demanded that person's car, in which Candia and an accomplice drove away. *See* Dkt. No. 17 ¶2. Nearly a week later, Candia was arrested in possession of 11 grams of methamphetamine, 4 grams of cocaine, and two loaded handguns. *Id.* The Court notes that Candia's sentence for these offenses was the result of a conditional plea under Federal Rule of Criminal Procedure 11(c)(1)(c), and that the 180-month sentence imposed was jointly recommended by Candia and the Government. *See* Dkt. No. 21 & 22. The sentence imposed remains necessary to reflect the seriousness of the offense and to endorse respect for the law. Moreover, the Court again concludes that Candia's previous criminal history, and the nature of his prior offenses, weigh against a sentence reduction as granting a reduction would not promote the provision of just punishment for the offense or the protection of the public. *See* Dkt. No. 131 at 3.

Candia contends that because a decade has passed, the Section 3553(a) factors weigh in his favor because he "has been extensively incapacitated, deterrence has been provided, respect for the law has been promoted, and just punishment reflected for the seriousness of the offense." Dkt. No. 73 at 4. While these things may be true for Candia – the Court has deterred him, etc. – the Court's considerations extend beyond Candia, as it must consider general deterrence and a broader respect for the law. Candia further argues that his participation in the Challenge Treatment Program weighs in his favor in this analysis. Dkt. No. 81 at 2. The Court is not persuaded that Candia's rehabilitation efforts should be considered in the Section 3553(a) analysis. Rather, Candia's completion of a substantial portion of his sentence along with his continued rehabilitation are items for the Court to consider in a separate portion of the compassionate release

analysis – whether Candia had raised “extraordinary or compelling reasons” to warrant compassionate release – not in weighing the Section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A). Candia ultimately fails to advance meaningful support that any of the Section 3553(a) factors weigh in his favor, and as noted above, at least some of the factors weigh against his release.

Because the Section 3553(a) factors weigh against Candia’s release, the Court need not address whether he has demonstrated an extraordinary and compelling reason to warrant compassionate release under Title 18 U.S.C. § 3582(c)(1)(A). Even if Candia could demonstrate an extraordinary and compelling reason for his release, the Court must deny his motion because a reduction of his sentence to time served would conflict with the Section 3553(a) sentencing factors. *See Bryant*, 2025 WL 2026172 at *1.

For the foregoing reasons, the Court **DENIES** Candia’s request for a reduction in sentence. Though this result may seem harsh given the months Candia has left in his sentence, “[o]ur justice system relies on the finality of criminal judgments.” *Bryant*, 2025 WL 2026172 at *1 (*citing Teage v. Lane*, 489 U.S. 288, 309 (1989)).

**IT IS SO ORDERED.**

Dated: July 28, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**